UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SALVATORE J. SOWELL, | : | Case No. 2:25-cv-3 |
| Plaintiff, | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Kimberly A. Jolson |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Defendants. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1), and for a *sua sponte* review of his Complaint under 28 U.S.C. § 1915(e)(2)(B) (Doc. 1-1). The Undersigned **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). The Undersigned further **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** and that he be found to have accumulated three strikes under 28 U.S.C. § 1915(g).

**I.     BACKGROUND**

Plaintiff is a frequent filer in this Court. Since 2023, he has initiated eight actions here. *See Sowell v. United States of Am.*, No. 2:23-cv-1683 (S.D. Ohio May 19, 2023); *Sowell v. Huntington Bank*, No. 2:23-cv-4250 (S.D. Ohio Dec. 27, 2023); *Sowell v. Ohio State Univ.*, No. 2:24-cv-873 (S.D. Ohio Feb. 27, 2024); *Sowell v. Comm'r of Soc. Sec.*, No. 2:24-cv-3086 (S.D. Ohio June 5, 2024); *Sowell v. State of Ohio*, 2:24-cv-3731 (S.D. Ohio July 19, 2024); *Sowell v. U.S. Dist. Ct. E. and W. Div.*, No. 2:24-cv-3916 (S.D. Ohio Sept. 6, 2024); *Sowell v. State of Ohio*, No. 2:24-cv-4153 (S.D. Ohio Nov. 12, 2024). On September 4, 2024, the Court found that Plaintiff

had accumulated three strikes under the Prison Litigation Reform Act ("PLRA"), meaning he could not proceed *in forma pauperis* in future cases unless he sufficiently alleged that he was in imminent danger of serious physical injury. *See Sowell*, No. 2:24-cv-3086 (S.D. Ohio Sept. 4, 2024) (Doc. 11); *see also* 28 U.S.C. § 1915(g).

Then, on January 3, 2025, Plaintiff filed this action. (Doc. 1). He sues twelve Defendants including the United States, Huntington Bank, and several state and federal entities. (Doc. 1-1 at 3). The Complaint is hard to understand. Plaintiff seemingly claims he was denied documents connected to his pending state-court criminal cases. He says: "Defendants refuse[d] to allow the plaintiff while incarcerated his discoveries for Case Numbers 22-CR-6073 and 6085 State of Ohio vs. Salvatore Juliano Sowell to: represent himself pro se due to there being first and last names of employees of the defendants and names of government agencies on documents submitted in those cases aforementioned." (*Id.* at 6). Otherwise, the Complaint includes no factual allegations about any of the named Defendants. (*See generally id.* at 6–7).

As relief, Plaintiff seeks dismissal of his pending criminal cases, injunctive relief, and monetary damages. (*Id.* at 7).

## II. PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

In two of Plaintiff's previous cases, the Court denied his requests to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the PLRA's three-strikes provision. *See Sowell*, No. 2:24-cv-3086 (S.D. Ohio Sept. 4, 2024) (Doc. 11) (concluding Plaintiff had accumulated at least three strikes under the PLRA); *Sowell*, No. 2:24-cv-4153 (S.D. Ohio Jan. 7, 2025) (Doc. 6) (adopting a recommendation to deny Plaintiff's motion for *in forma pauperis* status because he had accumulated three strikes). Since those denials, the Sixth Circuit decided *Crump v. Blue*, 121 F.4th

2

1108 (2024), clarifying the requirements for a strike under the PLRA. Consequently, the Court revisits Plaintiff's classification as a three-striker.

        **A.**     ***Crump*'s Effect on the Three-Strikes Rule**

To understand *Crump*'s significance, a brief overview of the PLRA and prisoner litigation is necessary. Generally, a filing fee is required to initiate a federal lawsuit. *See* 28 U.S.C. § 1914(a). If, however, a litigant cannot afford to pay, a litigant may file a motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1). If granted *in forma pauperis* status, the Court may waive the fee entirely, require only partial payment, or order periodic payments over time. *Id.*; *see also* 28 U.S.C. § 1915(b)(1)–(4).

But different rules apply to prisoners. The statute requires that they pay the filing fee in full, though it can be paid in periodic installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604–08 (6th Cir. 1997) (explaining how filing fees and costs are calculated and assessed for prisoners). And there is more. Concerned that the payment structure would not be enough of an impediment against "frivolous and vexatious prisoner litigation," Congress included a three-strikes provision in the PLRA. *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The rule provides "that a prisoner may not 'bring a civil action or appeal a judgment' in forma pauperis if the prisoner has three or more times 'brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted.'" *Crump*, 121 F.4th at 1110–11 (quoting 28 U.S.C. § 1915(g)).

In the nearly thirty years since its enactment, courts have assessed strikes under the PLRA to prisoners whose complaints were dismissed outright. *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998) (noting the PLRA was enacted in 1996)). This includes complaints encompassing both claims "covered by" the PLRA and claims "not covered by" PLRA—"mixed-claim actions" as the

3

Sixth Circuit has named them. 121 F.4th at 1110; *see, e.g.*, *Coleman v. Tollefson*, 733 F.3d 175, 178 (6th Cir. 2013) (assessing three strikes after successive complaints were dismissed on immunity and pleading standards grounds, and where the courts declined to exercise supplemental jurisdiction over state-law claims); *Boles v. Matthews*, No. 97-5874, 173 F.3d 854 (Table), 1999 WL 183472, at *2 (6th Cir. Mar. 15, 1999) (unpublished table decision) (assessing a third strike where the district court dismissed the complaint for lack of jurisdiction under the *Rooker-Feldman* doctrine); *cf. Simons v. Washington*, 996 F.3d 350, 354 (6th Cir. 2021) (declining to overrule the assessment of a strike where the district court dismissed the prisoner's federal claims on the merits and declined to exercise supplemental jurisdiction over his state-law claims).

Then, in 2024, Horace Crump challenged the district court's denial of his *in forma pauperis* request on the basis that he had accumulated three strikes. *Crump*, 121 F.4th at 1110. The Sixth Circuit agreed that two of his previous actions should not be assessed as strikes under the PLRA because they were "mixed-claim" actions. *Id.* at 1110, 1112. The panel explained its logic.

Crump's first challenged strike was assessed in a case where the district court dismissed Crump's federal claims for failure to state a claim. *Id.* at 1112 (citation omitted). The district court concurrently declined to exercise supplemental jurisdiction over his related state-law claims. *Id.* (citation omitted). The Sixth Circuit held this dismissal was not a strike "because the dismissal of Crump's state-law claims falls outside of the three-strikes rule's enumerated grounds, [so] his action does too." *Id.* at 1112. In other words, the fact that the decision was "mixed" was fatal to the strike assessment.

Similarly, Crump's second challenged strike was assessed in a case where some of Crump's federal claims were dismissed for failure to state a claim, while others were barred by Eleventh Amendment sovereign immunity. *Id.* (citation omitted). This too, the panel held, was

4

outside the PLRA's strike zone because Eleventh Amendment immunity "does not appear on the list of grounds for a cognizable strike." *Id.* at 1112–13. Put another way, "[a]n Eleventh Amendment dismissal does not necessarily count as frivolous. It does not necessarily count as malicious. And it does not count as a failure to state a claim." *Id.* at 1112 (also noting dismissals under Eleventh Amendment immunity fall under Rule 12(b)(1) purview for "lack of subject-matter jurisdiction," not Rule 12(b)(6)'s "failure to state a claim" language); *see also Jones v. Lineberry*, No. 24-5684, 2025 WL 521313, at *1–2 (6th Cir. Feb. 10, 2025) (holding that complaints dismissed under the *Rooker-Feldman* doctrine or on judicial immunity grounds should not be assessed as strikes). And so, again, the "mixed" nature of the dismissal did not allow the lower court to assess a strike. The Sixth Circuit ultimately remanded the case for further consideration of Crump's *in forma pauperis* status. *Crump*, 121 F.4th at 1115.

All in all, *Crump* stands for the notion that "all claims in a complaint, not just some of them, must be dismissed on grounds listed in the [PLRA] for the dismissal to count as a strike." *Id.* at 1111; *see also Jones*, 2025 WL 521313, at *2 (not assessing strikes where complaints were "dismissed in whole or in part for grounds other than those listed in the PLRA's three-strikes provision."). This holding upends years of strike assessment jurisprudence in the lower courts. And litigants now have a strike workaround. As the *Crump* panel acknowledged, prisoners can now add "meritless state-law claims or claims against immune defendants to their federal claims to try to avoid strikes." 121 F.4th at 1114. To avoid this result, the panel advised that "[a] district court facing that situation retains the authority to dismiss such a claim, label the claim as frivolous, and assess a strike." *Id.* at 1114–15.

But practically, this approach raises its own problems. For example, more often than not, to label a state-law claim as frivolous, a district court must necessarily consider the merits. This

5

is at odds with what district courts have been instructed to do when presented with state-law claims. "The Supreme Court has cautioned that 'a federal court's determination of state-law claims could conflict with the principle of comity to the States and with the promotion of justice between the litigating parties.'" *Plain Loc. Sch. Dist. Bd. of Educ. v. DeWine*, 486 F.Supp.3d 1173, 1195 (S.D. Ohio 2020) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988)). Therefore, if a district court dismisses a plaintiff's federal claims, "it should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *see also Crump*, 121 F.4th at 1115–16 (Readler, J., concurring) (saying the "traditional 'rule of thumb'" is to decline to adjudicate state-law claims if the federal claims are dismissed before trial). In fact, courts should do so only when judicial economy overwhelmingly "outweigh[s] [the] concern over needlessly deciding state law issues." *Moon*, 465 F.3d at 728 (internal quotation omitted); *see also Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1055 (6th Cir. 1986) (stating only "overwhelming interests in judicial economy" allow courts to decide state-law claims once federal claims are dismissed); *Durant v. Servicemaster Co.*, 109 F. App'x 27, 31 (6th Cir. 2004) (finding the court would have abused its discretion if it exercised supplemental jurisdiction over certain state-law claims). On these principles, it is unlikely that the lower courts pre-*Crump* would have elected to reach state-law claims in a PLRA-complaint if all federal claims were dismissed. But for future cases, *Crump* puts district courts in the uncomfortable position of choosing either to avoid reaching state-law claims or to potentially assess a strike under the PLRA.

Issues of immunity present a similar dilemma. As noted in *Crump*, "[t]here is nothing necessarily frivolous or malicious in bringing an action for which the court lacks jurisdiction." 121 F.4th at 1113 (quoting *Thompson v. DEA*, 492 F.3d 428, 437 (D.C. Cir. 2007)); *see also Cohen*, 439 F. App'x at 492 ("[A] prisoner's invocation of federal jurisdiction in and of itself may be

6

frivolous where there is 'no possible ground upon which a reasoned argument can be made to sustain [ ] jurisdiction.'" (citation omitted)). Yet the concepts of immunity, jurisdiction, and frivolity are not always clear-cut. *See, e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding a complaint "is frivolous where it lacks an arguable basis either in law or in fact"); *Cohen v. Corr. Corp. of Am.*, 439 F. App'x 489, 491–92 (6th Cir. 2011) (assessing three strikes and finding a complaint was frivolous on appeal, even though the complaint was originally dismissed for lack of jurisdiction); *Carlock v. Williams*, 182 F.3d 916 (Table) (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction."); *compare Jones*, 2025 WL 521313, at *2 (considering a dismissal based on "absolute judicial immunity" and concluding "[a] dismissal based on immunity . . . does not count as a PLRA strike") *with Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966 (6th Cir. Aug. 2, 2022) (Thapar, J., concurring) ("[J]udicial immunity isn't a jurisdictional doctrine; it's an affirmative defense that goes to the merits."). The overlap will likely necessitate circular parsing of past PLRA screens to determine whether a dismissal qualifies as a strike.

What's more, the panel's proposal that the district courts simply label a claim against an immune party as frivolous suggests that lower courts could or should leapfrog over "threshold issues of judicial administration," *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015), like subject-matter jurisdiction, to overcome a "strike proofed" complaint. *See also Rogers v. Stratton Ind., Inc.*, 798 F.2d 913, 917 (6th Cir. 1986) ("[I]f a court does not have jurisdiction, ipso facto, it cannot address the merits of a complaint."). While judicial efficiency may have guided district courts to rest dismissals solely on these threshold issues in the past, now "giving cases more attention at the

7

front end to ensure that strikes are properly awarded" must take priority. *Crump*, 121 F.4th at 1116 (Readler, J., concurring).

Going forward, courts now have the benefit of *Crump*'s guidance. Past opinions avoiding state-law questions or applying immunities, however, cannot be rewritten. Instead, the Court must, as here, reassess those decisions under *Crump*.

### B. Plaintiff's Past Filings

As discussed, the Court previously determined that Plaintiff accumulated three strikes. *Sowell*, No. 2:24-cv-3086 (S.D. Ohio Sept. 4, 2024) (Doc. 11). Applying *Crump*, the Court now comes to a different conclusion.

In the first of his assessed strikes, Plaintiff's Complaint raised "rambling" and "difficult to decipher" Racketeer Influenced and Corrupt Organizations Act claims against the United States of America and others. *Sowell v. United States*, No. 2:23-cv-1683, 2023 WL 7411509, at *2 (S.D. Ohio Nov. 9, 2023), *report and recommendation adopted*, No. 2:23-cv-1683, 2024 WL 84264 (S.D. Ohio Jan. 8, 2024). Ultimately, the Court concluded that the case "should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and, in the alternative, for failure to state a claim for relief [under] 28 U.S.C. § 1915(e)(2)(B)." *Id.* Although this Court found alternative grounds to dismiss the case, one of those alternatives—failure to state a claim—is a ground expressly enumerated in the PLRA's strike provision. 28 U.S.C. § 1915(g). At least one court in this Circuit has suggested such an analysis remains sufficient to assess a strike. *See Sorezo v. Washington*, No. 1:24-cv-1256, 2024 WL 5198936, at *2 n.3 (W.D. Mich. Dec. 23, 2024) (citing *Crump*, 121 F.4th at 1112) (assessing a strike even though the court found the defendant was absolutely immune from suit because the court also found the prisoner failed to state a claim for

8

relief and made frivolous claims). The Undersigned, therefore, finds this dismissal counts as a strike under *Crump*.

In the second case, Plaintiff alleged that "an unknown entity made several unauthorized deposits to and withdrawals from his checking account held with Defendant Huntington Bank, which resulted in inaccurate account balances." *Sowell v. Huntington Bank*, No. 2:23-cv-4250, 2024 WL 51256, at *2 (S.D. Ohio Jan. 4, 2024), *report and recommendation adopted*, No. 2:23-cv-4250, 2024 WL 665661 (S.D. Ohio Feb. 16, 2024). The Court noted that the Federal Rules of Civil Procedure require a pleading to contain a "short plain statement" that explains "the grounds for jurisdiction." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Then, it found Plaintiff "failed to provide a basis for a claim over which this Court has jurisdiction." *Id.* So, while the Court discussed jurisdiction, the Complaint's fatal flaw was that Plaintiff failed to meet pleading requirements. *See id.* at *3 (recommending dismissal "for failure to assert any claim over which this Court has subject matter jurisdiction" and citing 28 U.S.C. § 1915(e)(2), which provides for dismissals for failure to state a claim upon which relief can be granted). Because failure to state a claim is a ground for dismissal expressly enumerated in the PLRA's strike provision, the Undersigned finds this dismissal, too, counts as a strike. *See Sorezo*, 2024 WL 5198936, at *2 n.3.

In the third action, Plaintiff brought similar allegations to his first strike-worthy case. *Compare Sowell*, 2023 WL 7411509, at *2 (discussing allegations that the Ohio State University Police Department "was 'trying to kill [Plaintiff]'"; that defendants used an incorrect social security number to ensure Plaintiff would not be released from jail; and that officers made other threats) *with Sowell v. Ohio State Univ.*, No. 2:24-cv-873, 2024 WL 2864389, at *2 (S.D. Ohio Apr. 29, 2024) (discussing an incorrect social security number, threats by officers against his life, and other issues during his incarceration), *report and recommendation adopted*, No. 2:24-cv-873,

9

2024 WL 2863239 (S.D. Ohio June 6, 2024). The Court dismissed the case, in part, because some of the defendants benefit from Eleventh Amendment immunity. *Sowell*, 2024 WL 2864389, at *3–4. In other words, this was a "mixed-claim" action. Under *Crump*, this dismissal is not a strike. *Cf.* 121 F.4th at 1113 (holding an immunity dismissal does not count as a strike unless the court makes a finding that the claimant "frivolously or maliciously ignore[d] an immunity defense").

The Court has also reviewed Plaintiff's other dismissed cases, and none is a strike. *See Sowell v. Comm'r of Soc. Sec.*, No. 2:24-cv-3086 (S.D. Ohio Oct. 10, 2024) (Doc. 12) (dismissing for failure to pay the filing fee); *Sowell v. State of Ohio*, No. 2:24-cv-3731 (S.D. Ohio Nov. 5, 2024) (Doc. 13) (same). Because Plaintiff has only two strikes, the Court proceeds with evaluating his current motion for *in forma pauperis* and screening his Complaint.

    **C.**    **Instant Motion for *In Forma Pauperis* Status**

Plaintiff's Motion for Leave to Proceed *in forma pauperis* makes clear that he lacks the funds to pay the filing fee outright. (*See* Doc. 1). As such, the Court **GRANTS** his Motion. Under 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to Plaintiff's prison account or the average monthly balance in the account for the six-month period immediately preceding the filing of the Complaint. After payment of the initial partial filing fee, Plaintiff is further required to make monthly payments of 20 percent of the preceding month's income credited to his prison account until the full amount of the filing fee is paid. 28 U.S.C. § 1915(b)(2).

Under 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust fund account at the institution where Plaintiff now resides is directed to calculate, as an initial partial payment, twenty percent (20%) of the greater of:

      a)      the average monthly deposits to the inmate trust account; or

      b)      the average monthly balance in the inmate trust account, for the six (6) months immediately preceding January 3, 2025.

The custodian is **ORDERED** to complete and to submit to the Clerk of Court in Columbus, Ohio, the form below, showing the calculation of the initial partial filing fee. The custodian is further **ORDERED** to forward from Plaintiff's prison account to the Clerk of Court located in Columbus, Ohio, the initial partial filing fee, as funds become available in Plaintiff's account, until the initial filing fee is paid. Even if the account balance is under ten dollars, the custodian must still forward payments to pay the initial filing fee.

After full payment of the initial partial filing fee, the custodian shall forward to the Clerk of Court located in Columbus, Ohio, monthly payments of twenty percent (20%) of Plaintiff's preceding monthly income credited to Plaintiff's prison account, but only when the amount in the account exceeds ten dollars, until the full fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk of the Court. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the institutional cashier. Plaintiff's name and case number must be noted on each remittance. Checks are to be made payable to: Clerk, U.S. District Court. Checks are to be sent to:

> Prisoner Accounts Receivable
> 121 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

CALCULATION OF INITIAL PARTIAL FILING FEE

Prisoner's name_____

Case no.

Average Monthly Balance $
    (For six month period preceding filing of complaint or notice of appeal)

Average Monthly Deposits $
    (For six month period preceding filing of complaint or notice of appeal)

Initial Partial Filing Fee $
    (the greater of the average monthly deposits or the average monthly balance x .20)


| | |
|---|---|
| Date | Signature of Authorized Officer |


### III. SCREENING STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

12

556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662. (internal quotation and quotation marks omitted). In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## IV. SCREENING OF PLAINTIFF'S COMPLAINT

Upon screening Plaintiff's Complaint, the Undersigned concludes it fails to state a claim upon which relief can be granted and is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

At a minimum, a pleading must provide the defendants with fair notice of the grounds underlying a claim. Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). But Plaintiff makes no mention of what actions any single Defendant took. (*See* Doc. 1-1 at 6–7). Although Plaintiff lists the Defendants on the cover pages for his Complaint, they are not discussed individually in the body of his pleading at all. (*Id.*; *see also id.* at 3, 5 (naming Defendants)). Instead, Plaintiff says only that "Defendants refuse to allow the Plaintiff while incarcerated his disclosures for case numbers 22-CR-6073 and 6085," and will not let him "represent himself pro se." (*Id.* at 6). This general statement does not meet even the low bar of Rule 8(a)(2). Accordingly, Plaintiff's Complaint cannot survive an initial screen.

This fatal deficiency aside, perhaps Plaintiff is attempting to say that Defendants violated his First Amendment right to access the courts by denying him discovery materials. For this type of claim, the prisoner must allege that the lack of legal materials hindered his efforts to pursue a nonfrivolous legal claim. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Kennedy v.*

*Bonevelle*, 413 F. App'x 836, 838–39 (6th Cir. 2011). That is, the prisoner must allege "actual prejudice," such as "having a case dismissed, being unable to file a complaint, [or] missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). And the prisoner must describe the underlying cause of action as well. *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) ("[T]he predicate claim must "be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). But Plaintiff says nothing for any of these elements. (Doc. 1-1 at 6). Even construing his allegations liberally, Plaintiff fails to state a First Amendment claim.

What's more, Plaintiff's requests for relief show that this action is frivolous. For instance, Plaintiff seeks dismissal of his state criminal charges and release from custody. (*Id.* at 7 (asking the Court to "make the judge assigned" to those cases dismiss them)). His sole remedy in federal court for such relief is a petition for a writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (saying prisoners in state custody cannot challenge the "fact or duration" of their confinement under Section 1983); *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–90 (1973) (stating that a pretrial detainee who has exhausted his state remedies may file a pretrial writ of habeas corpus to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial."). Notably, Plaintiff has been told this by the Court before. *See Sowell*, 2024 WL 2864389, at *2 (instructing Plaintiff that he can only challenge his incarceration through a petition for a writ of habeas corpus). He ignored this warning and has requested the same relief again in this case. (Doc. 1-1 at 7). Given the Court's previous admonition, Plaintiff's duplicative request to dismiss his criminal cases is frivolous. *Bush v. Jewish Hosp.*, No. 1:13-cv-574, 2013 WL 6199189, at *5 (S.D. Ohio Nov. 27, 2013) (dismissing a duplicative complaint as frivolous).

Plaintiff also asks the Court to produce identifying documents for him, open a bank account in his name, and deposit $100,000 there. (*Id.*). And he wants the Court to "declare [him] deceased" and force a "special agent to hand deliver" all the documents to Plaintiff "at his current place of confinement." (*Id.*). Undoubtedly, these requests are frivolous for the purposes of 28 U.S.C. § 1915(e)(2). *See Gifford v. United States*, No. 18-13344, 2018 WL 6728416, at *4 n.5 (E.D. Mich. Nov. 6, 2018) (finding requests for relief that are "plainly beyond the Court's power to order" frivolous); *Levay v. United States*, No. 17-cv-10517, 2017 WL 2953046, at *2 (E.D. Mich. July 11, 2017) (dismissing a complaint as frivolous where it requested unconstitutional remedies). They also resemble requests Plaintiff has made before. For example, in a case filed less than two months before this one, Plaintiff sued almost all the same Defendants and asked for the same relief. *See Sowell*, Case No. 2:24-cv-4153 (S.D. Ohio Nov. 12, 2024) (Docs. 2, 3). And, in another case closed over a year ago, Plaintiff filed a motion seeking the same. *Sowell*, No. 2:23-cv-1683 (S.D. Ohio Jan. 10, 2025) (Doc. 46 at 2–3) (recommending denying Plaintiff's motion as frivolous). These past requests further support the Undersigned's conclusion that Plaintiff's Complaint is entirely frivolous.

Accordingly, the Undersigned **RECOMMENDS** that his Complaint be dismissed for failure to state a claim upon which relief can be granted and frivolity. The Undersigned further **RECOMMENDS** that this dismissal count as a strike under 28 U.S.C. § 1915(g). And, after reviewing Plaintiff's past actions, the Undersigned also **RECOMMENDS** that the following dismissals count as strikes: *Sowell*, 2023 WL 7411509, at *4, and *Sowell*, 2024 WL 51256, at *3. Therefore, the Undersigned **RECOMMENDS** that Plaintiff be found to have accumulated at least three strikes under the PLRA, such that he may not proceed *in forma pauperis* unless the initiating

15

documents of his future actions allege that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Undersigned also **WARNS** Plaintiff that should he continue to file repetitive and frivolous lawsuits, the Court may place additional filing restrictions upon him or even declare him a vexatious litigator. *See, e.g.*, *Sowell*, No. 2:23-cv-1683 (S.D. Ohio Jan. 10, 2025) (Doc. 46) (recommending striking any future filings by Plaintiff in this action).

### V. CONCLUSION

The Undersigned **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). But the Undersigned **RECOMMENDS** the following:

- Plaintiff's Complaint should be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and § 1915A(b)(1). As such, Plaintiff's pending motions (Doc. 2, 3) should be **DENIED**.

- The dismissal of Plaintiff's Complaint, (Doc. 1-1), should be considered a strike under 28 U.S.C. § 1915(g).

- Plaintiff's past dismissals in *Sowell*, 2023 WL 7411509, at *4, and *Sowell*, 2024 WL 51256, at *3, should also count as strikes under the PLRA and *Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024).

- Plaintiff should be found to have accumulated three strikes under the PLRA, so he may not proceed *in forma pauperis* unless his future complaints sufficiently allege that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

- The Court should certify under 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and deny

16

Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: March 6, 2025  /s/ *Kimberly A. Jolson*
Kimberly A. Jolson
United States Magistrate Judge

17