# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SALVATORE J. SOWELL, | : | Case No. 2:25-cv-3 |
| Plaintiff, | : | |
| v. | : | District Judge James L. Graham |
| | : | Magistrate Judge Kimberly A. Jolson |
| UNITED STATES OF AMERICA, *et al.,* | : | |
| Defendants. | : | |

## ORDER AND SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff's Motion to Amend Statement of Claim (Doc. 7), and Motion for Relief (Doc. 8), are before the Court. The Undersigned **CONSTRUES** Plaintiff's Motion to Amend as a motion to supplement his original Complaint and **GRANTS** it.

After conducting a screen of the supplemented Amended Complaint under 28 U.S.C. § 1915(e) and § 1915A(a) the Undersigned **RECOMMENDS** that this case be **DISMISSED**. Accordingly, the Undersigned also **RECOMMENDS** that Plaintiff's Motion for Relief (Doc. 8) be **DENIED**.

**I. BACKGROUND**

Plaintiff, an Ohio resident incarcerated at the James A. Karnes Corrections Center, initiated this lawsuit on January 3, 2025.[1] (Doc. 1). The Undersigned previously summarized his allegations:

---

[1] As of January 3, 2025, Plaintiff had filed eight lawsuits in the Southern District of Ohio since 2023. (Doc. 5 at 1). Since then, that number has increased to eleven. (*Id.*); *see also Sowell v. The State of Ohio*, Case No. 2:25-cv-297 (S.D. Ohio Mar. 24, 2025); *Sowell v. The State of Ohio*, Case No. 2:25-cv-355 (S.D. Ohio Apr. 4, 2025); *Sowell v. Franklin Cnty.*, Case No. 2:25-cv-362 (S.D. Ohio Apr. 7, 2025).

> The Complaint is hard to understand. Plaintiff seemingly claims he was denied documents connected to his pending state-court criminal cases. He says: "Defendants refuse[d] to allow the plaintiff while incarcerated his discoveries for Case Numbers 22-CR-6073 and 6085 State of Ohio vs. Salvatore Juliano Sowell to: represent himself pro se due to there being first and last names of employees of the defendants and names of government agencies on documents submitted in those cases aforementioned." (*Id.* at 6). Otherwise, the Complaint includes no factual allegations about any of the named Defendants. (*See generally id.* at 6–7).
>
> As relief, Plaintiff seeks dismissal of his pending criminal cases, injunctive relief, and monetary damages.

(Doc. 5 at 2).

On March 6, 2025, the Undersigned conducted an initial screen of Plaintiff's Complaint, as 28 U.S.C. § 1915(e) and § 1915A(a) require. Ultimately, the Undersigned recommended dismissing the Complaint with prejudice because it was frivolous and failed to state a claim upon which relief can be granted. (Doc. 5 at 13–16).

Nearly three weeks later, Plaintiff filed a Motion to amend his complaint, which seemingly seeks to supplement his original pleading by amending his "statement of claim." (Doc. 7 at 1). Plaintiff also filed a Motion for Relief, which requests that the Court give him $9,000. (Doc. 8). Both Motions are ready for the Undersigned's review. (Docs. 7, 8).

## II. DISCUSSION

As discussed, the Undersigned previously conducted an initial screen of Plaintiff's Complaint and recommended that it be dismissed. (Doc. 5). That recommendation remains pending before the District Judge. (*Id.*). In the meantime, Plaintiff has moved for leave to amend. (Doc. 7). Plaintiff may amend as of right under these circumstances. But his amendment does not change anything, and his case should still be dismissed.

### A. Amendments and Prisoner Litigation

The Undersigned begins with the standard to amend pleadings. Generally, when parties seek to amend, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (saying, for motions to amend, courts should consider various factors, like futility, undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies in previous amendments, or undue prejudice to the opposing party). But recent precedent suggests that a more lenient standard applies to prisoners in the initial phases of a case.

As background, tension used to exist in the Sixth Circuit between Rule 15's liberal amendment standard and courts' handling of prisoners' motions to amend. In 1996, Congress passed the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, *et seq.*, which aimed to reduce the number of lawsuits filed by prisoners, while also improving the quality of those that proceeded. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Alexander v. Hawk*, 159 F.3d 1321, 1324–25 (11th Cir. 1998)); *Jones v. Bock*, 549 U.S. 199, 203 (2007). To achieve that goal, the PLRA contains some key reforms, including a requirement that federal district courts review—or "screen"—prisoners' complaints "as soon as practicable after docketing." 28 U.S.C. § 1915A(a); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (discussing the screening requirement laid out in 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A), *overruled on other grounds by Jones*, 549 U.S. at 206.

On an initial screen, the district court must *sua sponte* dismiss a prisoner's complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). In the past, when a prisoner's complaint was filed, the court had to dismiss

3

it outright if it was deficient for any of those reasons. *McGore*, 114 F.3d at 608, 612 (discussing screening requirements). The court could not help a prisoner avoid this fate by granting him leave to amend. *Id.* (saying that if a prisoner's complaint was subject to complete dismissal on an initial screen, the court had "no discretion" at all to grant an amendment).

Then, the pendulum began to swing in the other direction. In *LaFountain v. Harry*, the Sixth Circuit changed course and concluded that Federal Rule of Civil Procedure 15 applies equally to prisoners' requests to amend as other plaintiffs' requests to amend. 716 F.3d 944, 951 (6th Cir. 2013). In other words, courts had the discretion to grant leave to amend, even if a prisoner's complaint was subject to *sua sponte* dismissal under the PLRA's screening requirement. *Id.*

Since *LaFountain*, guidance from the Sixth Circuit suggests that courts should exercise that discretion more often at the initial screening stage. For instance, the Sixth Circuit has repeatedly held that a district court should grant leave to amend, rather than dismiss a complaint outright, "if it is at all possible that the [prisoner] can state a claim for relief." *Lucas v. Chalk*, 785 F. App'x 288, 292 (6th Cir. 2019) (internal quotation and quotation marks removed); *see also Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) (saying courts should not dismiss a prisoner's complaint if its deficiencies "are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements" (quotation omitted)). And in deciding whether a prisoner theoretically could state a claim, the court must consider not only the complaint, but the prisoner's other filings as well. *See Brown*, 415 F. App'x at 613–15 (finding the district court should have granted leave to amend where the prisoner's post-judgment motion showed he could plead a non-frivolous claim); *Tolliver v. Noble*, 752 F. App'x 254, 262– 65 (6th Cir. 2018) (remanding with leave to amend where a prisoner's various filings suggested

4

he could state a civil rights claim); *McGuire v. London Cnty.*, 22-6049, 2024 WL 209446, at *2 (6th Cir. Jan. 19, 2024) (remanding for the district court to determine whether all a prisoner's filings "read together" raise individual capacity claims that can survive an initial screen); *Beal v. Valentine*, No. 24-1224, 2024 WL 5482662, at *6 (6th Cir. Nov. 20, 2024) (remanding to grant leave to amend where additional allegations could be added to the complaint to "withstand PLRA screening"); *Lucas*, 785 F. App'x at 291–92 (same).  Still more, if a prisoner's filings show he has a nonfrivolous claim, precedent seemingly instructs that leave to amend should be granted *sua sponte*—even if a prisoner does not formally ask to do so.  *Brown*, 415 F. App'x at 615; *Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *1–2, 5 (6th Cir. Apr. 1, 2024).  This leniency, according to the Sixth Circuit, is rooted in the court's obligation to construe *pro se* litigants' filings liberally and to hold them to less rigorous standards than attorneys. *Brown*, 415 F. App'x at 613; *Tolliver*, 752 F. App'x at 265.

Even so, there are limits.  While courts must not focus too narrowly on a prisoner's initial pleading, they also cannot "fill in missing allegations for prisoners." *Lucas*, 785 F. App'x at 290 (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  In other words, Rule 15's basics still apply, and a court does not need to allow an amendment if it would be futile.  *LaFountain*, 716 F.3d at 951; *Howard-Bradley*, No. 14-3950, 2015 WL 13932699, at *2 (6th Cir. Nov. 5, 2015). In the end, courts must walk the line between dismissing cases too hastily and properly screening out meritless lawsuits as the PLRA requires.  *Jones*, 549 U.S. at 203–204 ("Congress enacted [the PLRA] to filter out the bad claims and facilitate consideration of the good.").

Against this backdrop, the Court turns to Plaintiff's instant Motion to Amend.  (Doc. 7).

5

**B.    Plaintiff's Motion to Amend**

As noted, the Undersigned previously concluded that this action is frivolous. (Doc. 5 at 16). Allowing Plaintiff's amendment would seemingly be futile. *Annabel v. Washington*, No. 24-1425, 2024 WL 4766187, at *2 (6th Cir. Oct. 2, 2024) (saying the court should not grant leave to amend "if amendment would be futile"); *Levy v. Bloomingdale's, Inc.*, No. 1:13-cv-128, 2014 WL 48112, at *4 (S.D. Ohio Jan. 7, 2014) (denying leave to amend on futility grounds where the court found the complaint was frivolous on an initial screen). Nonetheless, Plaintiff's Motion comes within a limited time where he may amend even without the Court's permission.

Under Rule 15, a party can amend a pleading "once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or" a Rule 12 motion. Fed. R. Civ. P. 15(a)(1). In many districts within the Sixth Circuit, including the Southern District of Ohio, magistrate judges conduct the initial screen of prisoner complaints and, where appropriate, recommend dismissal to the district judges. *See, e.g.*, Amended General Order 22-05, Assignment and Reference of Prisoner Cases to Magistrate Judges in the Southern District of Ohio (effective Mar. 8, 2024). Until that recommendation is adopted or rejected, there is sometimes a period where a case is still live, but no defendants are served and no responsive pleadings are filed.

That is the situation here. The Undersigned recommended that Plaintiff's Complaint be dismissed on March 6, 2025, and that recommendation is pending before the district judge. (Docs. 5, 6). At this time, no defendants have been served or responded to the Complaint. As a result, Plaintiff can amend one time "as a matter of course" without the court's leave. *See* Fed. R. Civ. P. 15(a)(1); *Tolliver*, 752 F. App'x at 261–62. Therefore, Plaintiff's Motion is **GRANTED**.

6

But there is another wrinkle. The Undersigned notes that Plaintiff's purported amendment does not list any Defendants, and it is more cursory than Plaintiff's first pleading. (Doc. 7-1 (listing only the United States of America in the case caption)). Further, it does not include any request for relief. (*Id.*). Even more puzzling, Plaintiff alternatively refers to his Amended Complaint as an "amended statement of claim." (*Id.*). All things considered, it appears that Plaintiff does not want to replace his original Complaint wholesale. Instead, he seemingly wants to supplement his original pleading. Therefore, the Clerk is **DIRECTED** to combine Plaintiff's Complaint and his "amended statement of claim" into one filing on the docket. (Docs. 4, 7-1). The Clerk is further **DIRECTED** to label that document Plaintiff's Amended Complaint.

The Undersigned must now screen Plaintiff's Amended Complaint as required by the PLRA. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(a). In doing so, the Undersigned **INCORPORATES** the previous Report and Recommendation. (Doc. 5).

C. **Screen of the Amended Complaint**

Because Plaintiff only supplements his original pleading, the Undersigned's prior analysis largely stands. (Doc. 5). The Undersigned must determine only whether Plaintiff's Amended Complaint cures the deficiencies identified in the Report and Recommendation. (*Id.*). Nothing does.

1. *Standard*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," see Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Amended Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and

evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Iqbal*, 556 U.S. at 662 (internal quotation and quotation marks removed). In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

2. *Analysis*

In the previous Report and Recommendation, the Undersigned concluded that the Complaint failed to state a claim and was frivolous for several reasons. First, the Undersigned found the Complaint does not give Defendants fair notice of Plaintiff's claims because it does not identify any individual action taken by any Defendant. (Doc. 5 at 13). Similarly, it does not contain enough allegations to plead a First Amendment right to access the courts claim because it contains no facts alleging the denial of Plaintiff's discovery materials "hindered his efforts to pursue a nonfrivolous claim." (*Id.*). Finally, the Undersigned concluded that this action is frivolous because the relief requested was inane or already denied in Plaintiff's other litigation. (*Id.* at 14–15).

Plaintiff's new pleading does not fix these problems. These are the sum total of the supposedly new allegations:

> Members of the listed organization Defendants refuse to allow the Plaintiff his discoveries for Case Numbers 22-CR-6973 and 22-CR-6085 State of Ohio v. Salvatore Juliano Sowell to represent himself due to there being first and last names of individuals employed with the Defendants and names of State and U.S. government agencies listed on documents submitted in the cases aforementioned.

8

(Doc. 7-1 (cleaned up)).

Notably, these statements were included almost verbatim in Plaintiff's initial Complaint. (Doc. 4 at 6; Doc. 5 at 2 (summarizing and screening those allegations)). And the Undersigned considered them in the initial screen. (Doc. 5 at 2, 13–14). Consequently, Plaintiff's supplemental pleading does not cure the deficiencies discussed in the previous Report and Recommendation. For instance, Plaintiff still fails to identify any actions taken by any Defendants. (Doc. 7-1). Instead, he again relies on generalizations about what all the Defendants allegedly "refuse" to do, which is not enough to meet basic pleading requirements under Federal Rule of Civil Procedure 8(a). (*Id.*); *see, e.g.*, *Twombly*, 550 U.S. at 555 (saying a plaintiff must allege enough facts "to raise a right to relief above the speculative level"); *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) ("Summary reference to a single, five-headed "Defendants" does not support a reasonable inference that *each* Defendant is liable [for the alleged rights violation]."). Further, he does not allege the required elements for a First Amendment right to access the courts claim. Specifically, he fails to provide any facts about the cases underlying his access claim. (Doc. 4 (saying nothing about his underlying criminal cases); Doc. 7-1 (same)); *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (requiring plaintiffs to allege facts about the underlying cause of action to properly state an access claim). And he does not say how the denial of certain discovery materials prejudiced him. (*See id.*); *Harvin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2004) (saying a prisoner must allege actual prejudice to state this type of claim and providing examples). Again, Plaintiff must allege these elements to properly plead a First Amendment right to access the courts claim.

At base, it does not appear that Plaintiff could adequately allege a claim, even if given another chance to amend. *Lucas*, 785 F. App'x at 292. Plaintiff's allegations, across all his filings, are almost nonsensical. For instance, he claims he has not received discovery materials because

9

certain employees' names are on them. (Doc. 4 at 6; Doc. 7-1). But he never explains how the presence of those names prevents him from receiving the documents or even why this denial matters. (Doc. 4 at 6–7 (asking for a new identity and baldly alleging some sort of "scheme" is occurring)). Indeed, after scouring his other filings, the Undersigned cannot find any allegations that could support a viable claim. (*See* Doc. 2 (asking for summary judgment in one sentence); Doc. 3 (saying why one box is marked on the civil cover sheet, again in one sentence); Doc. 8 (asking the Court to give him $9,000 with no further explanation)).

Nor does Plaintiff's supplemental pleading change the Undersigned's conclusion that this action is frivolous. (Doc. 5 at 14–15). If anything, it provides more support for that decision.

Last time, the Undersigned determined that Plaintiff requested frivolous relief, like asking for relief only available through a writ of habeas corpus and requesting the "Court to produce identifying documents for him, open a bank account in his name, and deposit 100,000 there." (Doc. 5 at 15 (citing Doc. 1-1 at 7); *see also id.* (saying Plaintiff had been told such relief was available only through a petition for a writ of habeas corpus) (citing *Sowell v. Ohio State Univ.*, No. 2:24-cv-873, 2024 WL 2864389, at *2 (S.D. Ohio Apr. 29, 2024))). This time, Plaintiff has not made any additional requests for relief, outside of filing a separate motion asking the Court to give him $9,000. (Doc. 8).

Still more, the allegations included within the Amended Complaint are identical to those alleged in the first Complaint—even though the Undersigned explained why those statements were insufficient in the Report and Recommendation. (*Compare* Doc. 4 at 6 *with* Doc. 7-1; Doc. 5 at 13–14); *see, e.g.*, *Belser v. Washington*, No. 16-2634, 2017 WL 5664908, at *2 (6th Cir. Sept. 13, 2017) (saying duplicative actions are "subject to dismissal for frivolity under § 1915(e)") (collecting cases). And this is not the only case where Plaintiff raises these allegations. Since the

Undersigned's Report and Recommendation, Plaintiff has filed two more cases against largely the same defendants based upon similar allegations. *See Sowell v. The State of Ohio*, Case No. 2:25-cv-355 (S.D. Ohio Apr. 4, 2025) (Doc. 1 at 5) (alleging he cannot receive a fair trial in the same criminal cases because there are "names of Franklin County Common Pleas court judges listed on documents pertaining to a Huntington Bank lawsuit submitted in these cases aforementioned"); *Sowell v. Franklin Cnty.*, Case No. 2:25-cv-362 (S.D. Ohio Apr. 7, 2025) (Doc. 1-2 at 3) (saying the same). Plaintiff did so despite warnings from multiple judicial officers that his filing privileges may be restricted if he continues to file repetitive, frivolous lawsuits. (*See* Doc. 5 at 16 (saying the Court may place filing restrictions upon him or declare him a vexatious litigator "should he continue to file repetitive and frivolous lawsuits")); *Sowell v. United States of Am.*, Case No. 2:23-cv-1683 (S.D. Ohio Feb. 24, 2025) (Doc. 47 at 2–3) (ordering that any future filings by Plaintiff that are not accompanied by a certification from an attorney be stricken).

At bottom, Plaintiff requests only frivolous relief and continues to submit repetitive filings that fail to allege any claim. As a result, the Undersigned again **RECOMMENDS** that Plaintiff's Amended Complaint be dismissed with prejudice and without leave to amend. (Doc. 4; Doc. 7-1). Once more, Plaintiff is **WARNED** that if he continues to file repetitive and frivolous lawsuits, the Court will place additional filing restrictions upon him or declare him a vexatious litigator.

### III. CONCLUSION

The Undersigned **CONSTRUES** Plaintiff's Motion to Amend (Doc. 7), as a motion to supplement his original Complaint and **GRANTS** it. The Clerk of Court is **DIRECTED** to combine Plaintiff's Complaint and his "amended statement of claim" into one filing on the docket. (Docs. 4, 7-1). The Clerk is further **DIRECTED** to label that document Plaintiff's Amended Complaint.

The Undersigned **INCORPORATES** the previous Report and Recommendation (Doc. 5), and **SUPPLEMENTS** it as follows:

- Plaintiff's Amended Complaint should be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and § 1915A(b)(1). As such, Plaintiff's pending motions (Docs. 2, 3, 8) should be **DENIED**.

- The dismissal of Plaintiff's Amended Complaint (Doc. 4; Doc. 7-1) should be considered a strike under 28 U.S.C. § 1915(g).

- For the reasons outlined in the previous Report and Recommendation, Plaintiff's past dismissals in *Sowell v. Huntington Bank*, No. 2:23-cv-4250, 2024 WL 51256 (S.D. Ohio Jan. 4, 2024), and *Sowell v. United States*, No. 2:23-cv-1683, 2023 WL 7411509 (S.D. Ohio Nov. 9, 2023), should also count as strikes under the PLRA and *Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024). (*See* Doc. 5 at 2–10).

- Similarly, Plaintiff should be found to have accumulated three strikes under the PLRA, so he may not proceed *in forma pauperis* unless his future complaints sufficiently allege that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); (*see* Doc. 5 at 2–10, 13–16).

- The Court should certify under 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date:  April 22, 2025            /s/ Kimberly A. Jolson
                                 KIMBERLY A. JOLSON
                                 UNITED STATES MAGISTRATE JUDGE

**NOTICE REGARDING OBJECTIONS:**

Under Federal Rule of Civil Procedure 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).