IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Salvatore J. Sowell, | Case No. 2:25-cv-3 |
| Plaintiff, | Judge Graham |
| v. | Magistrate Judge Jolson |
| United States of America, et al., | |
| Defendants. | |

Order Adopting Reports and Recommendations

Plaintiff Salvatore J. Sowell brings this action *pro se* against the United States of America, numerous federal and state entities, and Huntington Bank. He appears to allege that he was denied documents related to his criminal cases in state court. This matter is before the Court on the Magistrate Judge's March 6, 2025 Report and Recommendation and April 22, 2025 Supplemental Report and Recommendation.

The March 6 Report and Recommendation examined Plaintiff's status under the three-strikes provision of the Prison Litigation Reform Act. The three-strikes rule provides "that a prisoner may not 'bring a civil action or appeal a judgment' in forma pauperis if the prisoner has three or more times 'brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted.'" *Crump v. Blue*, 121 F.4th 1108, 1110–11 (6th Cir. 2024) (quoting 28 U.S.C. § 1915(g)). The Magistrate Judge analyzed the issue in light of the Sixth Circuit's recent decision in *Crump*, which clarified the requirements for a strike. She found that Plaintiff had accumulated only two strikes and thus could proceed *in forma pauperis* upon showing he was financially unable to pay the filing fee outright. Because Plaintiff had made the showing of financial inability, the Magistrate Judge granted his motion to proceed *in forma pauperis* and ordered him to pay the filing fee according to a payment schedule.

The Magistrate Judge then conducted a screening of the complaint to determine if it should be dismissed as frivolous or for failing to state a claim or for seeking monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). She concluded that the complaint was frivolous and failed to state a claim for several reasons, including that it failed to state what actions any single defendant took, failed to allege actual prejudice from the alleged withholding

1

of documents, and failed to seek relief which could be granted. The Magistrate Judge recommended that the complaint be dismissed, that the dismissal count as a strike under 28 U.S.C. § 1915(g), and that Plaintiff be found to have accumulated three strikes with the dismissal of this case.

Plaintiff submitted a document entitled as an objection to the March 6 Report and Recommendation. The objection, however, was one sentence long and simply stated that Plaintiff was objecting to the Report and Recommendation. It contained no explanation or basis for the objection.

At the same time, Plaintiff moved for leave to amend the complaint. The Magistrate Judge's April 22 Report and Recommendation granted leave to amend because Plaintiff was within the period in which he could amend one time as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Even so, the Magistrate Judge recommended that the amended complaint be dismissed because the amendment contained no substantive content to support a legal claim. She found that the amendment in no way addressed or resolved the deficiencies of the original complaint which the March 6 Report and Recommendation had identified.

Plaintiff has not filed any objections to the April 22 Report and Recommendation.

Upon *de novo* review of the March 6, 2025 Report and Recommendation and the April 22, 2025 Supplemental Report and Recommendation, the Court agrees in full with the Magistrate Judge's analysis, reasoning, and recommendations. The Court ADOPTS both Reports and Recommendations (Docs. 5 and 9) in their entirety and OVERRULES the objection (Doc. 6).

Accordingly, Plaintiff's motion for leave to amend the complaint (Doc. 7) is GRANTED. Plaintiff's Amended Complaint is DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and § 1915A(b)(1).  Plaintiff's miscellaneous pending motions (Docs. 2, 3, 8) are DENIED.

The dismissal of Plaintiff's Amended Complaint – as frivolous and as failing to state a claim upon which relief can be granted – is considered a strike under 28 U.S.C. § 1915(g). As explained by the Magistrate Judge, the past dismissals of Plaintiff's actions in *Sowell v. Huntington Bank*, No. 2:23-cv-4250, 2024 WL 51256 (S.D. Ohio Jan. 4, 2024), and *Sowell v. United States*, No. 2:23-cv-1683, 2023 WL 7411509 (S.D. Ohio Nov. 9, 2023), also count as strikes under the PLRA and *Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024). The Court thus finds that Plaintiff has accumulated three strikes under the PLRA, and he may not proceed *in forma pauperis* unless his future complaints sufficiently allege that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that an appeal of this Order adopting the Reports and Recommendations would not be taken in good faith, and the Court denies Plaintiff leave to appeal *in forma pauperis*. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)

        *s/ James L. Graham*
        JAMES L. GRAHAM
        United States District Judge

DATE: May 20, 2025